In the Matter of the Application for Ancillary Letters of Administration on the Goods, Chattels and Credits of PAUL TULANE, Deceased.

Collateral inheritance tax—property owned by a resident of New Jersey, and passing by the intestate laws of that State, is not subject to the tax, although situated in this State.

Upon an appeal from an order of a surrogate, holding that certain personal property within this State belonging to one Paul Tulane, deceased, was subject to the collateral inheritance tax imposed by the law of this State, it appeared that the deceased was, at the time of his death, which occurred in March, 1887, and for a long time prior thereto had been, a resident of the State of New Jersey, and that the property, the succession to which it was sought to affect by the tax, had been deposited by him in the vaults of a safe deposit company in the city of New York for safe-keeping. The deceased died intestate and letters of administration were granted upon his estate in New Jersey, and thereafter ancillary letters were issued in this State.

Held, that, in order to make the property subject to the said tax, it must pass by will or by the intestate laws of this State, or must have been transferred by deed, grant, sale or gift, and as in this case it had neither passed by will, nor been transferred by deed, grant, sale or gift, but had passed by the intestate laws of the State of New Jersey, although situated in this State, the order appealed from should be reversed.

Appeal from an order of the surrogate of the city and county of New York, entered on October 13, 1887, holding that certain personal property within this State belonging to one Paul Tulane, deceased, a resident of the State of New Jersey, was subject to the collateral inheritance tax imposed by the laws of this State.

Rabe & Keller, for the appellants Paul M. Tulane and George O Vanderbilt, administrators.

John R. Fellows, for the respondents.

Van Brunt, P. J.:

The deceased at the time of his death, and for a long time prior thereto, which occurred in March, 1887, had been a resident of the State of New Jersey, and the property, the succession to which it is sought to affect by this tax, had been deposited by him in the vaults of a safe deposit company in this city for safe-keeping. The deceased died intestate, and letters of administration were granted upon his

estate in New Jersey. The safe deposit company refused to hand over this property until ancillary letters were issued in this State.

The tax is claimed by virtue of the provisions of chapter 483 of the Laws of 1885. This act provides that, after its passage, all property which shall pass by will or by the intestate laws of this State from any person who may die seized or possessed of the same while being a resident of this State, or which property shall be within this State, or any part of such property, or any interest therein or income therefrom, transferred by deed, grant, sale or gift, made or intended to take effect in possession or enjoyment after the death of the grantor or bargainor to any person other than those mentioned in the statute, shall be subject to a tax, etc. It is evident, in order to come within the provisions of this act, that the property which forms the basis of the tax in question must pass by will or by the intestate laws of this State, or must have been transferred by deed, grant, sale or gift. In the case at bar the property in question has not passed under any of the conditions mentioned in the statute. Such property has neither passed by will or by the intestate laws of this State, nor has it been transferred by deed, grant, sale or gift; but it has passed by the intestate laws of the State of New Jersey, although situated in this State, a case not within the language nor the spirit of the statute.

The order appealed from should be reversed, with costs and disbursements.

BRADY and MACOMBER, JJ., concurred.

Order reversed, with costs and disbursements.