IN THE MATTER OF THE TAXATION, UNDER CHAPTER 483 OF THE
LAWS OF 1885, OF THE ESTATE OF JOHN P. HOWARD,
DECEASED.

*Restitution of money paid improperly under the collateral inheritance tax law
(chap. 483 of 1885) — when it will not be ordered.*

Where, after payment of a tax under an order of a Surrogate's Court holding an
estate to be liable to taxation under chapter 483 of the Laws of 1885, an appeal
has been taken from the order of the Surrogate's Court and such order has been
reversed, but in the meantime the money has been paid by the comptroller of
the city of New York to the State comptroller, restitution of the moneys so paid
will not be ordered to be made by the comptroller of the city of New York.
The remedy in such a case is prescribed by section 12 of the act in question, which
is exclusive of any other remedy for the attainment of this result.
*Dewey* v. *Supervisors, etc.* (62 N. Y., 294) followed.

MOTION for an order for the restitution of moneys paid to the
comptroller of the city of New York for collateral inheritance taxes.

The appeal was taken by the ancillary executors and by the legatees
under the will of John P. Howard, from an order of the Surrogate's
Court of the county of New York of November 22, 1887, overrul-
ing exceptions and fixing the cash value of the property of John P.
Howard, deceased, as subject to taxation.

*S. B. Brownell,* for the motion.

*R. E. Selmes,* opposed.

DANIELS, J. :

The money, for which restitution has been applied, was paid over
to the comptroller of the county of New York by the ancillary
executors of the estate of John P. Howard, deceased. This payment
was made under an order or decree of the surrogate, holding the
estate to be liable to taxation under chapter 483 of the Laws of 1885.
On appeal from a like order or decree to the General Term, this was
reversed, and the decision is reported in *Matter of Tulane* (51
Hun, 213).

The executors' motion is made, upon the fact of this reversal, for
restitution of the money under section 1323 of the Code of Civil Pro-
cedure, providing that " when a final judgment or order is reversed

or modified, upon appeal, the appellate court or the General Term of the same court, as the case may be, may make or compel restitution of property or of a right lost by means of the erroneous judgment or order." But this section of the Code cannot be held to include the present application, for, by the provisions contained in the law under which the payment was directed to be, and was, in fact, made, the tax so paid never became any part of the money or property of the city and county of New York. It was, on the contrary, paid to and received by the comptroller for the benefit of the State, and under the act it has been made a State tax, and the comptroller was required by section 21 to pay over the amount so received by him to the State treasurer. This section has required taxes obtained in this manner to be reported to the State comptroller on the first Mondays of March and September in each year, and they are required to be paid by the comptroller of the county to the State treasurer at the times mentioned in this section of the act.

It has not been asserted that the comptroller of the city and county has, in any manner, failed to discharge this duty. But it has been stated, without contradiction, that the money was so paid over by him as that was directed to be done by this statute, prior to the time when the other order or decree of the surrogate was reversed by the General Term. He, accordingly, has no fund or money in his hands out of which restitution can be ordered, neither does the act contemplate that he shall be required to return it to the party who may become entitled to receive it, after it has been paid over to the authorities of the State. A different remedy has been prescribed by the act for the reimbursement of the money. That has been created by the twelfth section declaring that : "When any amount of said tax shall have been paid erroneously to the State treasurer, it shall be lawful for him, on satisfactory proof rendered to the comptroller by said county treasurer or comptroller of such erroneous payment, to refund and pay to the executor, administrator, person or persons, who have paid any such tax in error, the amount of such tax so paid, provided that all such applications for the payment of such tax shall be made within five years from the date of such payment."

This is a simple and available proceeding afforded to the party entitled to the reimbursement of the money paid for the tax, and it

was, without doubt, intended to be exclusive for this object. This statute and the law preceding it have created a new liability not previously existing under the laws of the State. And a remedy by this section of the act of 1885 has been provided, and it is complete and effectual, to obtain the money after the reversal of the order or decree under which it may have been paid, and was intended, without doubt, to be the only mode of proceeding which should be adopted and followed for that purpose. For it could not have been intended that the law should receive such a construction, or that such an obligation should be imposed upon the person paying over the money under its directions to the State authorities, as, that upon the reversal of the proceeding on appeal, the officer in this manner paying it over should be bound to reimburse to the party making the payment to him the money so disposed of under the authority and direction of the statute. His duties have been wholly confined to receiving the money, reporting and paying it over, and by discharging these duties, in the manner provided by the act, he relieves himself from all responsibility or liability to refund it upon a reversal of the order or decree requiring its payment.

The case in this respect is similar in its principle to *Dewey* v. *Supervisors, etc.* (62 N. Y., 294). There the county of Niagara was sued for the recovery of moneys which had been raised by assessments to pay the expenses of draining certain lowlands. The assessment proceeding had been reversed upon *certiorari*, but the money had been paid out and disposed of as the law directed it to be by the treasurer of the county before the action was commenced, and that was held to constitute a defense and prevent a recovery against the county. The same principle should be applied here, not only from the nature and provisions of the statute but from the rule also in this manner maintained by the court.

The motion will, accordingly, be denied.

Van Brunt, P. J., and Brady, J., concurred.

Motion denied.