VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment affirmed.

---

IN THE MATTER OF THE ASSESSMENT OF TAX UPON COLLATERAL INHERITANCES IN THE ESTATE OF WORTHINGTON ROMAINE.

*The personal property in the State of New York of a non-resident, domiciled in another State, is subject to the New York collateral inheritance tax.*

By the provisions of the statutes (chapter 483 of 1885, as amended by chapter 713 of 1887), relating to the collateral inheritance tax, the estate of a non-resident of this State, domiciled in another State, who dies in such latter State leaving no wife or children, and leaving personal property, consisting of bonds and stocks, deposited for safe-keeping within the State of New York, is liable to taxation thereon under such statutes.

The fiction of law that personal property, when the subject of taxation, attends the owner and has its situs at his domicile, must yield to the express provisions of the statute which imposes such tax upon the property of a non-resident.

APPEAL by Amasa A. Redfield, sole surviving administrator of the goods, etc., of Worthington Romaine, deceased, and by Mason Romaine, Charles N. Romaine and Dora M. Romaine, from an order of the Surrogate's Court of the county of New York, made and entered on the 6th day of December, 1889, appointing an appraiser in the above-entitled matter; and also from an order or decree of said court, made and entered on the 22d day of March, 1890, confirming the report of said appraiser and assessing a tax upon the property and interests of the collateral next of kin of said deceased; and also from an order or decree of said Surrogate's Court, made and entered on the 23d day of April, 1890, adjudging

that the property and interests of the said next of kin are subject to the operation of chapter 713 of the Laws of 1887.

*R. L. Redfield*, for the administrator and others, appellants.

*B. F. Dos Passos*, assistant district attorney, for the People, respondent.

BRADY, J.:

Romaine, the decedent, died intestate in Virginia in 1888. He left neither wife nor child. His domicile was in Virginia. He left property in this State which was claimed to be subject to taxation, and upon which a tax was imposed and assessed. Part of the property consisted of bonds and stocks, and was contained in a safe or deposit box and vault rented by the decedent from the Stuyvesant Safe Deposit Company in the city of New York.

The tax was imposed under chapter 483 of the Laws of 1885, as amended by chapter 713 of the act of 1887. The part of the act of 1885, presenting the question herein to be discussed, is as follows:

"After the passage of this act all property which shall pass by will or by the intestate laws of this State from any person who may die seized or possessed of the same while being a resident of the State, or which property shall be within this State," etc.

The alteration made by the act of 1887, to which reference has been made, was accomplished by the insertion of a clause after the words " while a resident of this State or," as follows: " If such decedent was not a resident of this State at the time of his death."

Under the act of 1885, which was considered in this department in the *Matter of Tulane*, who was a resident of the State of New Jersey (51 Hun, 213), and which is a kindred case, it was determined that the property of the deceased was not subject to the tax provided for, inasmuch as it had neither passed by will nor by the intestate laws of this State, and had not been transferred by deed, grant, sale or gift ; but had passed by the intestate laws of the State of New Jersey, although situated in this State, a case not within the language or the spirit of the statute. And it was subsequently held in the *Matter of Enston* (113 N. Y., 174) that property within this State which passed by will or intestacy from a non-resident decedent to collateral relatives or strangers, was not taxable under the act of 1885 ; and it would seem, prior to its amendment in 1887, that the act of 1885 applied only to property so passing from

any person who may die seized or possessed of the same while being a resident of the State, and to property within the State owned by a resident and transferred *inter vivos*, to take effect after the death of the transferrer. This decision was made by a divided court; Judge Finch concurred with Judge Danforth, who wrote the dissenting opinion, and in which the learned dissenting judge insisted that the manifest purpose of the act of 1885 was, that property within this State belonging to a decedent, who was a non-resident at the time, should be taxed under its provisions; and it is said in the dissenting opinion : "It is conceded by the learned counsel for the appellant that the confusion thought to be apparent in the words of this act is cured by the amendatory act of 1887 (chap. 713)." The learned judge then refers to the corresponding features contained in that statute, and particularly to the words "if such decedent was not a resident of this State at the time of death," and says that they supply by explicit designation what was implied in the former act, and facilitate the interpretation of other clauses, although he thought them superfluous.

The learned surrogate in deciding this case regarded the foundation of the argument of the learned counsel for the administrator as a legal fiction, namely, that the property sought to be subjected to the tax attends the owner and has its *situs* at his domicile, and expressed the view that the general rule as to the *situs* of personal property could not be disputed, but must give way in all cases where, as said by the Court of Appeals *In re Enston* (*supra*), there is something in the policy of the statute or its language which shows a different legislative intent, and then suggests that the policy of the statute of this State imposing a succession tax upon property which was within the State of a person, resident or non-resident thereof at the time of his death, seemed wholly opposed to this rule. And this view is regarded as unanswerable.

In the concluding opinion of Andrews, J., in the *Matter of Enston* (*supra*), he declared that the Law of 1887 so amended the act of 1885 as to subject to its operation the property within this State of a non-resident decedent, and that the amendment furnished some evidence that prior thereto the proper construction of the section, according to the understanding of the legislature, did not include within its operation such property.

Whatever may have been the view entertained by the courts of the provisions of the act of 1885, there is no doubt, so far as expressed by the opinion of the court of last resort in the *Matter of Enston*, that the amendment of 1887 subjected property within the State of a non-resident decedent to the tax provided for by the acts under considersation. The fiction to which the learned surrogate made reference in his opinion was one discussed by Judge ANDREWS. It was looked upon as one subject to the policy of the statute or its language, which showed a legislative intent to destroy it, which was clearly done in that statute. The language of the act of 1887 seems so clearly to embrace the property of a non-resident decedent in this State at the time of his death that no controversy can be well maintained with regard to it. It, therefore, applies to property within this State of a non-resident decedent and subjects it to a tax.

For this reason the order appealed from should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.