### *In re* SWIFT'S ESTATE.

*(Surrogate's Court, New York County.* November 20, 1891.)

1. COLLATERAL LEGACY TAX—REALTY IN ANOTHER STATE—EQUITABLE CONVERSION.
    Since a succession tax is not a tax on property, but on the privilege of succeeding to the inheritance, the fundamental test of the right to impose the tax is to ascertain the sovereign power through whose favor the property is permitted to pass; and hence the collateral legacy tax provided for by Laws N. Y. 1887, c. 713, cannot be imposed on real estate situated without the state, though testator's will directs its conversion into personalty, and though the proceeds are brought within the state for distribution.

2. SAME—PERSONALTY IN ANOTHER STATE.
    Neither is personalty having its *situs* without the state subject to the collateral legacy tax, though remitted to this state, where testator resided, for distribution, since the state within whose limits it is located has entire dominion over it, and the imposition of the tax by this state might subject it to double taxation.

3. SAME—VALUE OF LEGACIES SUBJECT TO TAX.
    A provision in a will directing that all legacies and devises shall be free of any succession tax, and that such tax shall be paid out of the residuary estate, as part of the expenses of administration, does not justify the deduction of the amount of the tax from either the specific or residuary legacies in ascertaining the value of such legacies subject to the tax.

4. SAME.
    Where a will bequeaths paintings, pictures, and plate to various persons, only a part of whom are subject to the collateral legacy tax, it is error to subject the aggregate value of all such property to the tax, since the portions bequeathed to persons exempt by reason of their relationship to testator, and by reason of their receiving beneficial interests less than $500, under all the provisions of the will, are not taxable.

Exceptions to the report of an appraiser appointed to ascertain the values of legacies given by the will of James T. Swift, deceased, subject to the collateral legacy tax imposed by Laws N. Y. 1887, c. 713. Exceptions sustained in part, and overruled in part, and matter remitted to appraiser to report anew.

*Stickney, Spencer & Ordway,* for the executors.

RANSOM, S.    The first exception to the report of the appraiser herein is that, in appraising the value of the estate of the residuary legatees, he has included certain real estate, of which testator died seised, situated in the state of New Jersey.    The appraiser included the proceeds of this real property, apparently for the reason that the provisions of the will operated as an equitable conversion thereof for the purpose of paying legacies and making distribution, which conversion had actually taken place; and the proceeds are now in this jurisdiction for the purpose of distribution under the terms of the will.    No brief has been filed by the comptroller to sustain the report, though on the oral argument he relied for its confirmation upon *Miller* v. *Com.*, 111 Pa. St. 321, 2 Atl. Rep. 492.    In that case, a testator, domiciled in the commonwealth of Pennsylvania, devised land situated without the state, which was to be sold to pay pecuniary legacies.    It was held that the legacy would pass to the legatee as money and subject to the law of the testator's domicile, and hence would be subject to the collateral inheritance tax.    In *Drayton's Appeal,* 61 Pa. St. 172, a testator in Pennsylvania gave his residuary estate to collaterals, and authorized the executors, in their "discretion, to sell, on such terms as to them shall seem expedient, all real estate."    He owned real estate in Minnesota, which his executors sold, and deposited the proceeds in Pennsylvania in their general account as executors, with money arising from the personalty, drew on the whole fund for the purposes of the estate, and charged the proceeds in their general account as executors.    It was held that these proceeds were not liable to collateral inheritance tax.    The court does not consider or discuss in either of these cases its right to apply the doctrine

of equitable conversion to real property situated without the state, for the purpose of levying a collateral legacy tax upon the proceeds thereof brought within its jurisdiction for distribution.    Those cases, therefore, cannot be regarded as authority upon the fundamental principle which must be determined in this proceeding.

"A succession tax is not a tax on property, but on the privilege of succeeding to the inheritance.    It is not a direct tax upon the land taken by descent, but is an impost upon the devolution of the estate, and the right to become beneficially entitled thereto, or to the income thereof."    Cooley, Tax'n, (2d Ed.) p. 30, and cases cited; *In re McPherson*, 104 N. Y. 306, 10 N. E. Rep. 685.    Upon the death of a person leaving property within this state, that property, whether real or personal, reverts to the state.    Prior to the passage of the act taxing collateral inheritances, the state permitted the owner to dispose of the same by will, upon complying with certain statutory requirements, and, in case of his omission to do so, directed the manner in which it should be distributed.    The state imposed no burden or other condition upon the exercise of this privilege until the passage of this act.    It seems to me, therefore, that the fundamental test of the right to tax the devolution of property, either by will or in case of intestacy, is to ascertain the sovereign power through whose favor the property is permitted to pass.    The power to tax this privilege is commensurate with its dominion over the property.    It is plain that, with reference to extraterritorial real estate, this state could confer no privilege governing the devolution of the title thereto, and consequently, if the test suggested above is a true one, it could impose no conditions upon its exercise.    "Everything to which the legislative power extends may be the subject of taxation, whether it be person or property, or possession, franchise, or privilege, or occupation or right.    *   *   *   And not only is the power unlimited in its reach as to subjects, but in its very nature it acknowledges no limits, and may be carried to any extent which the government may find expedient."    Cooley, Tax'n, (2d. Ed.) p. 5.    "The taxing power of a state is co-extensive with its sovereignty, and whatever objects of government are within its reach are subject to it, and may be made the basis of levies.    It is commonly said that taxation and protection are reciprocal, and this, if rightly understood, is correct, though some subjects receive the protection of the government which are not taxable, and some may be taxed though not protected." Id. p. 19.    "A state can no more subject to its power a single person or a single article of property, whose residence or legal *situs* is in another state, than it can subject all the citizens or all the property of such other state to its power."    Id. p. 159.    The test suggested above furnishes a uniform and symmetrical method of determining the exent to which the beneficial interests conferred by will or by intestate laws are measured for the purpose of taxation under the act.    In applying this test, no convenient fictions of law, which are resorted to by courts of equity for the purposes of justice, should be recognized.    The law will then deal only with actualities.    I doubt if the doctrine of equitable conversion would have been invoked by the comptroller if the mischievous result to the state were foreseen which the application of this principle would have accomplished.    Thus, under the act as amended in 1891, direct relatives of a decedent, leaving personalty in excess of $10,000, are made subject to the tax, while they are exempt if the interest passing is realty.    If, as contended on behalf of the state, the doctrine of equitable conversion may be successfully invoked in taxing interests under this act, a testator with a vast estate, consisting almost exclusively of personalty, having in view the exemption where the beneficial interest passing is realty, could bequeath personalty to any amount to direct relatives, having previously, by an appropriate direction in the will, worked an equitable conversion of the personalty into real estate.    In this manner, the chief object the legislature had in view in passing the act, viz., compelling personal property to pay its

just proportion of taxation, would be defeated. It has also been suggested by the learned counsel for the executors (to whose able brief and exhaustive inquiry I have been greatly indebted in considering this problem) that a testator might direct his personal property within the state of New York to be converted into real estate in New Jersey, and as such devise it; and he propounds the query: "Would the state of New York be then willing to admit that the gift was real property out of its jurisdiction, and not taxable?" To support the application of the doctrine of equitable conversion in determining the extent of liability to this tax, it must be held to have been the intention of the legislature to permit testator to determine for himself whether the devolution of title should be subject or exempt.

The second exception relates to the taxability of personal property located without the state, and which is remitted to this jurisdiction for distribution. It presents a question which at first occasioned some difficulty. But, on reflection, I see no good reason why the test suggested with reference to real property will not apply equally to personalty. "A nation within whose territory any personal property is actually situated has an entire dominion over it while therein, in point of sovereignty and jurisdiction, as it has over immovable property situated there." Story, Confl. Laws, § 550. The chief argument of the counsel for the executors, in maintaining that such property is not liable to the succession tax, is the maxim in the law of taxation, that protection and taxation must be reciprocal, and that under such circumstances personal property may be compelled to pay a double tax on its devolution; and he cites the language of the court of appeals in the *Euston Case*, 21 N. E. Rep. 87, to show that an influential consideration with the court in deciding the case was the reluctance to construe a tax-law so as to impose a double burden. In Cooley on Taxation, numerous cases are cited which show that, while double taxation will not be presumed, it is still within the power of the state to pass such a law, and it is no objection to its validity that such a result is accomplished. It will be seen that the test suggested has its foundation in the law of escheat. Take the case of a resident of this state dying intestate, without heirs at law or next of kin, and owning real and personal estate situated in New Jersey. It would not for a moment be contended that the real property, under these circumstances, would escheat to any other sovereignty than the state of New Jersey. The law of escheat, with reference to real estate, is identical with that as to personalty, and it can hardly be questioned but that the personal estate, under those circumstances, would follow the same rule. *Johnston* v. *Spicer*, 107 N. Y. 185–196, 13 N. E. Rep. 753. That state has dominion over the property, and in the exercise of that dominion, and pursuing the comity of nations, permits the transmission of personal assets to the jurisdiction of domicile for the purpose of distribution; but, even in this case, it exerts its dominion, so far as may be necessary for the protection of the interests of its own citizens, as, for instance, creditors, by retaining sufficient assets to meet their claims. Another argument in favor of this contention is that by adopting this rule we avoid inconsistency in the tax-law, and oppression by the taxing power. The court of appeals have decided in the *Romaine Case*, 27 N. E. Rep. 759, that the personal property of a non-resident decedent, which has its *situs* in this state, is subject to the tax. "In a well-adjusted system of taxation, a fundamental requisite is that it be harmonious. But harmony does not exist unless the taxing power is exerted with reference exclusively either to the *situs* of the property or to the residence of the owner. Both rules cannot obtain unless we impute inconsistency to the law, and oppression to the taxing power. Whichever of these rules is the true one, whichever we find to be founded in justice and in the reason of the thing, it necessarily excludes the other; because we ought to suppose, indeed, we are bound to assume, that other states and governments have adopted the same rule. If, then, proceeding on the true principles of taxation, we subject to its burdens

all goods and chattels actually within our jurisdiction, without regard to the owner's domicile, it must be understood that the same rule prevails everywhere. If we also proceed on the opposite rule, and impose the tax on account of the domicile, without regard to the actual *situs,* while the same property is taxed in another sovereignty by reason of its *situs* there, we necessarily subject the citizen to a double burden of taxation. For this no sound reason can be given." *Hoyt* v. *Commissioners,* 23 N. Y. 228.

The third exception to the report is that, in determining the value of the residuary estate, the appraises erred in failing to deduct the amout of the tax to be assessed against that interest as an expense of administration. The ninth clause of the will is as follows: "I direct that all legacies and devises herein made shall be free of any succession or other tax, and that any and every such tax thereon shall be paid by my executors as part of the expense of administering my estate." In ascertaining the value of the residuary estate for the purpose of taxation, the appraiser had deducted the amount of tax on other legacies given by the will. It is claimed that he should have also deducted the amount of the tax to be paid on the residuary estate from its gross value. I fancy it will not be contended that a testator can, by a provision in his will charging the payment of the legacy tax upon the residue or any other designated fund, deprive the state of any revenue which it would otherwise receive. To illustrate: Suppose a testator bequeath to A. $500, to B. $500, and the balance of his estate, amounting to $4,000, to C., all the legatees being collateral. In that event the state would be entitled to receive a sum of money equivalent to 5 per cent. of $5,000, viz., $250. By charging the payment of the tax due upon the first two legacies upon the residue, he cannot reduce the sum which the state would otherwise derive. To put the case in a different, and perhaps stronger, light: Suppose there is no residue, but the will directs the payment of the tax out of the same. The law must be construed, if possible, so as to provide for every possible case; and it will be seen that, by applying the rule which would have to be applied in the case last presented, the true method of assessing the tax upon estates bequeathed in this manner is ascertained. The direction that the tax shall be paid out of the residue is no concern either of the state or the appraiser. He should report the legacies taxable, as if no such provision were contained in the will. In the case at bar, the report of the appraiser is incorrect so far as he has deducted from the value of the residue the taxes which must be paid out of that fund. He was correct in refusing to deduct from the residue, in ascertaining its value for the purpose of taxation, the sum of money which would be payable by the legatees.

The fourth exception. By the fourth clause of his will, the testator gave to his executor "such paintings, pictures, plate, or other personal articles as may be specified by me in a note or memorandum which I may leave, either of this or a subsequent date, * * * upon trust to dispose of the same in such manner as I shall by such note or memorandum direct or request." But three of the persons designated in the memorandum referred to receive taxable benefits. The appraiser has reported the aggregate value of the property thus bequeathed as subject. In this he is in error. To the extent that this aggregate valuation represents property bequeathed to persons exempt by reason of their relationship to deceased, or by reason of their receiving, under all the provisions of the will, beneficial interests less than $500 in value, it is not taxable. The value of the benefit received under this provision of the will by unexempted persons who receive benefits under other provisions of the will must be taken into account in assessing the tax. The matter must be remitted to the appraiser to report anew in accordance with this decision.