In the Matter of the Estate of WILLIAM CORNING, Deceased.

*(Surrogate's Court, Monroe County, Filed March 28, 1893.)*

COLLATERAL INHERITANCE TAX—PERSONAL PROPERTY OUT OF STATE.

A large part of testator's estate consisted of bonds and mortgages
on lands in Michigan, and notes, all held by his agent in that State.
*Held*, that such property, although actually out of the State at the
time of testator's death, nevertheless was in his possession and passed
under his will, and hence was subject to tax under the collateral in-
heritance tax law.

Collateral inheritance tax proceeding.

Edward Harris, for appellants; Raines Brothers and Abra-
ham Benedict, for county treasurer.

ADLINGTON, S.—This is an appeal from an order fixing the
amount of the succession tax upon certain personal property of
William Corning, deceased, which passed under his will to his
three children as residuary legatees.

Mr. Corning died in September, 1891.   The residuary per-
sonal estate was of the value of $130,000, of which $87,000
consisted of promissory notes, and bonds and mortgages, which,
at the time of the testator's death, were in the hands of his
agent at Saginaw, Michigan; the mortgages were upon lands in
the last mentioned State.

The appellants' claim is that all of this personal property which, at testator's death, was actually beyond the boundaries of this State, is exempt from the succession tax simply by reason of its situation out of the State.

The position of the appellants appears to me to be opposed both to the statutes of the state and the decisions of the courts. Omitting such parts as are immaterial to this discussion, the statute relating to this subject in force at Mr. Corning's death is as follows, viz.: "All property which shall pass by will  .  *   *   * from any person who may die   *   *   * possessed of the same while a resident of this State   *   *   * to any person or persons   *   *   * shall be and is subject to a tax at the rate hereinafter specified.   *   *   * When the beneficial interest to any personal property   *   *   * shall pass to   *   * *   * any   *   *   * child   *   *   * the rate of such tax shall be one dollar on every hundred dollars of the clear market value of such property   *   *   * provided that an estate which may be valued at a less sum than ten thousand dollars shall not be subject to such tax."   Chapter 483, Laws of 1885, as amended by chapter 215, Laws of 1891.

It must be presumed that the legislature, in the corresponding sections of the various acts touching this subject, has used the same words in the same sense; and in section 22 of chapter 399 of the Laws of 1892, which is the latest deliverance on the taxation of legacies and inheritances, the word *"property"* as therein used is declared to mean "the property   *   *   * of the testator   *   *   * passing or transferred to those not specifically exempted from the provisions of the act,   *   *   * and shall include all property or interest therein, *whether situate within or without this State,* over which this State has any jurisdiction for the purposes of taxation."

The State, many years ago, expressly asserted its jurisdiction to tax property of the kind here in question, in chapter 392, Laws of 1883, in the following language, viz.:

"All debts and obligations for the payment of money due or owing to persons residing within this State, however secured or

*wherever such securities shall be held,* shall be deemed for the purposes of taxation, personal estate within the State, and shall be assessed as such to the owner or owners thereof in the town, village or ward in which such owner or owners shall reside at the time such assessment shall be made."

Now, Mr. Corning was a resident of this State at the time of his death. He died *possessed* of these securities; that is, he owned them. The property in question passed by his will to these appellants, and it would seem, therefore, that the tax in controversy was properly imposed. The same conclusion is reached by an examination of the decisions of the courts upon the point in question.

It is an established doctrine, not only of international law, but of the municipal law of this country, that *personal property has no locality.* It is subject to the law which governs the person of its owner, as well in respect to the disposition of it by act *inter vivos,* as to its transmission by last will and testament, and by succession upon its owner dying intestate. Parsons v. Lyman, 20 N. Y. 112; Cross v. U. S. Trust Co., 131 id. 339, 43 St. Rep. 254.

This principle of law has been quite generally recognized in the different States of the Union, and in many of them statutes have been passed providing, either through ancillary administration or otherwise, for the transmission of the personal property of a non-resident decedent to the State of his domicil for distribution according to the laws of that State.

In our own courts it is held that such property passes to the legatees or next of kin, not under the laws of this State, but according to the laws of the owner's domicil. Matter of Tulane, 51 Hun, 213, 21 St. Rep. 191; Matter of Enston, 113 N. Y. 181, 22 St. Rep. 569.

In the last mentioned case the testator was a resident of Pennsylvania, and a large part of her estate consisted of stocks and bonds of foreign corporations. The Court of Appeals held that they were not taxable under chapter 483, Laws of 1885, because of the non-residence of the testator. The court says, however,

in its opinion, that taxation under that act would have been proper if the testator had been a resident of this State at the time of her death. Id. 176.

In the Matter of Swift, 50 St. Rep. 81-87, the Court of Appeals has recently decided the question in issue here adversely to the appellants, holding that the personal property of a resident decedent *wherever situate, whether within or without the State,* is subject to the tax imposed by the act for taxation of gifts, legacies and inheritances.

This decision overrules, in respect to personal property, that of the surrogate of New York in the same matter. 2 Connoly, 644, affirmed at General Term, 47 St. Rep. 47, and 64 Hun, 639.

In England, where statutes have long been in force for taxing legacies, etc., it was held in Forbes v. Stevens, L. R., 10 Equity Cases, 178, that an interest in partnership property situate in India, passing by the will of a testator domiciled in England, which will was proved in the last named country, was subject to the English legacy tax.

To like effect are *In re Ewin,* 1 Cromp. & Jerv. 151; Thomson v. Advocate General, 12 Clark & Fin. 1-18.

In considering a statute for taxing legacies and inheritances quite similar to ours, the Supreme Court of Pennsylvania says, *In re* Bittinger's Estate, 129 Pa. St. 338-345: "All property of the citizen within the State may be taxed, and also all such property outside the State as is drawn to or follows in law the person or domicil of the owner, such as *bonds and mortgages,* money at interest, etc., no matter *where situate.*

The order must be affirmed, with ten dollars costs against each appellant.