In ascertaining the amount of a legacy, subject to the transfer tax, the sum which will be payable, as a legacy tax, in a foreign jurisdiction, where testator resided, and to which the fund for the payment of the legacy is to be transmitted, should not be deducted.

**2. SAME—DEDUCTION FOR EXPENSES.**
In estimating the amount to be deducted for expenses from the funds of an estate which is to be transmitted to a foreign jurisdiction for administration, but on which a transfer tax is payable in this state, no allowance for executors' commissions, at a greater rate than that fixed by statute in this state, can be made, in the absence of proof of the foreign law fixing a greater rate.

In the matter of the appraisal of the estate of Sophia H. Kennedy. Appeal from an order fixing a tax on report by appraiser. Affirmed.

Strong & Cadwalader, for appellants.

Emmet R. Olcott, for respondent.

FITZGERALD, S. The decedent was a resident of Pennsylvania at the time of her death, in October, 1895. She owned stock in New York corporations, taxable under the Bronson Decision, 150 N. Y. 1, 44 N. E. 707. The property in New York was in proportion to the entire estate as two to five, and the appraiser deducted that proportion of the total debts, funeral and administration expenses, from the taxable estate in this state. He refused, however, to deduct this proportionate sum from the amount of the legacy tax paid upon the entire estate in Pennsylvania, about $20,000. The fact that a legacy will be liable to a tax is not considered by the court in ascertaining upon what sum the tax is levied. Thus, in the case of a resident collateral legatee, the court is aware that he will receive but 95 per cent. of its amount. Should the 5 per cent. tax for that reason be calculated upon that 95 per cent., and not upon the face of the legacy? So, too, the fact that, when the fund is transmitted to the domiciliary jurisdiction, a deduction will be made for a legacy tax, should not be considered in fixing the value of the shares for the purpose of taxation. In re Swift (Surr.) 16 N. Y. Supp. 193, affirmed in court of appeals (137 N. Y. 77, 32 N. E. 1096), the will directed that the succession tax should be paid by the executors as an expense of administration. The appraiser deducted the amount of tax on other legacies from the value of the residuary estate, and was overruled by the surrogate. The appraiser herein correctly refused to make this deduction. It appears by the schedule filed with the appraiser that nearly $12,000 was paid as executors' commissions in Pennsylvania. The briefs of counsel state (but it nowhere appears in the proofs) that a larger percentage is allowed there than in New York for this purpose. The appraiser calculated the commissions at the rate allowed by the New York statute, and deducted a proportionate amount therefor. It is unnecessary to decide whether, had the appellant proved the foreign law on this subject, I would have made the deduction claimed. There being no evidence, and the deduction claimed being excessive under our statutes, the appraiser is sustained. The order appealed from is affirmed.

Order affirmed.